**Elizabeth V. BAGBY, Plaintiff,**

v.

**Frank S. BEAL, Individually, and in his official capacity as Secretary of the Pennsylvania Department of Public Welfare, et al., Defendants.**

Civ. No. 77–758.

United States District Court,
M. D. Pennsylvania.

Nov. 8, 1977.

Donald Marritz, Legal Services, Inc., Gettysburg, Pa., for plaintiff.

David Max Baer, Deputy Atty. Gen., Pa. Dept. of Justice, Harrisburg, Pa., for defendants.

## OPINION

MUIR, District Judge.

Elizabeth V. Bagby has brought this action pursuant to 42 U.S.C. § 1983 seeking declaratory relief, compensatory and punitive damages, and attorney's fees and costs based upon the Defendants' alleged violations of her constitutional rights under the due process clause of the Fourteenth Amendment. On September 14, 1977, Defendants filed a motion to dismiss and filed a supporting brief on September 29, 1977. Bagby filed a brief in opposition to Defendants' motion on October 14, 1977. Defendants filed a reply brief on October 21, 1977.

Bagby, a licensed practical nurse (LPN), obtained work as a probationary employee of the Pennsylvania Civil Service Commission on March 15, 1976 at the South Mountain Restoration Center (South Mountain). She alleges that on September 17, 1976, Defendant Donald E. Downs, the Administrator of South Mountain, notified her by letter that she was suspended from her job without pay because of "reports of theft of state property and abusive treatment of patients." Her suspension lasted from September 18, 1976 to October 1, 1976. On October 6, 1976, Bagby appealed her suspension to the State Civil Service Commission and requested a hearing. Her appeal and request were denied by the Commission on October 21, 1976. Pursuant to state law, a report concerning the allegations made against Bagby and the reasons for her suspension were submitted to the Civil Service Commission and made a part of the public record open to public inspection. Bagby alleges that the foregoing events violated her constitutional rights in that she was deprived of her property and her liberty without due process of law as required by the Fourteenth Amendment of the United States Constitution.

Defendants have moved to dismiss Bagby's complaint, arguing that she has not been deprived of either a liberty or a property interest which is protected by the Fourteenth Amendment and that, assuming *arguendo* that such a deprivation occurred, the procedures provided to Bagby by Pennsylvania law comport with due process. They also state that any award of back pay against the Defendants in their official capacities would violate the Eleventh Amendment of the United States Constitution and that Bagby's request for attorney's fees should be denied on the basis of this Court's opinion in *Skehan v. Board of Trustees of Bloomsburg State College*, 436 F.Supp. 657 (M.D.Pa.1977). The Court will discuss Defendants' contentions *seriatim*.

■ For purposes of a motion to dismiss, the Court must accept as true all well pleaded allegations contained in the complaint and must construe them in the light most favorable to Bagby. *See Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Helstoski v. Goldstein*, 552 F.2d 564 (3d Cir. 1977); *DiLuigi v. Mier*, 430 F.Supp. 1098 (M.D.Pa.1977). The Court's function when ruling on a motion to dismiss is solely to decide whether the complaint has stated a cause of action.

Defendants first contend that Bagby was not deprived of a property interest which is protected by the due process clause of the Fourteenth Amendment. In *Bishop v. Wood*, 426 U.S. 341, 344 n. 7, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the Supreme Court, *citing Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), stated that a property interest may not be derived from the due process clause itself but must be created and defined by some independent source such as state law. In *Bishop*, a policeman was dismissed from his position for allegedly false reasons without a hearing under an ordinance which stated that if an employee was negligent, inefficient, or unfit to perform his duties, he could be dismissed by the city manager. The district court held, and the Court of Appeals agreed, (a) that under state law, an employee has no property interest in his job

unless the ordinance under which he is employed contains an explicit guarantee and (b) that the provision in question did not contain such a guarantee. The Supreme Court accepted the lower court's interpretation of the state law and affirmed the holding that Bishop had not been deprived of a property interest. Therefore, the threshold inquiry to be made by this Court is whether under Pennsylvania law a probationary employee has a property interest in the continuation of his employment free from suspension without pay.

Bagby was suspended pursuant to a provision of the state Civil Service Act which reads "[a]n appointing authority may for good cause suspend without pay for disciplinary purposes an employe holding a position in the classified service." Act of August 5, 1941, P.L. 752, Art. VIII, § 803, 71 Pa.Stat. Ann. § 741.803. Defendants argue that this provision does not create a property right in a probationary employee because § 603(a) of the Civil Service Act, Act of August 27, 1963, P.L. 1257, § 14, *amending* Acts of August 5, 1941, P.L. 752, Art. VI, § 603 and June 21, 1947, P.L. 835, § 3, 71 Pa.Stat.Ann. § 741.603(a) provides that at any time during a probationary employee's term of appointment, the appointing authority may remove him if in his opinion the employee is unable or unwilling to perform his duties satisfactorily or that his dependability does not justify continued employment. Defendants argue that because due process does not attach when a probationary employee is discharged, *see Grausam v. Murphey*, 448 F.2d 197 (3d Cir. 1971), cert. denied, 405 U.S. 981, 92 S.Ct. 1207, 31 L.Ed.2d 257 (1972), the entire civil service act should be read as failing to confer a property right in non-suspension. To hold otherwise, Defendants argue, would be to place an absurd construction on § 803 and the Act in general, namely that a probationary employee may be terminated without due process but may not be suspended without invoking constitutional safeguards.

■ Defendants have not guided this Court to any authoritative construction of § 803 which would read out the words

"good cause" from the statute, nor has this Court's research disclosed any such constructions. The Court is bound by the rule of statutory construction which Defendants cite, that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable, see Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.Stat.Ann. § 1922(1), but the Court does not believe that it is an absurd result to require certain procedures to be followed when a probationary employee is suspended but not when he is terminated. Termination may be for any reason; suspension is for disciplinary purposes and potentially carries a different connotation. Moreover, § 803 clearly uses the words "good cause," which have been held by this Court and others to imply a right not to suffer from governmental action without due process guarantees, see *Thurston v. Dekle*, 531 F.2d 1264 (5th Cir. 1976); *DiLuigi v. Mier*, 430 F.Supp. 1098, 1100 (M.D.Pa.1977), and states that what shall constitute good cause for suspension may be set forth in specific rules promulgated under the statute. The Court is unable to draw a distinction between this statute and the one construed in *DiLuigi v. Mier*, 430 F.Supp. 1098 (M.D.Pa. 1977) along the lines Defendants suggest, namely that the word "shown" after the words "good cause" is not contained in the Pennsylvania statute. It is this Court's view that a probationary employee such as Bagby has a property interest created by state law in the continuation of his probationary employment without suspension for disciplinary reasons, albeit not without termination, and that the complaint makes out a deprivation of property protected by the Fourteenth Amendment.

Defendants also contend that Bagby has not stated facts sufficient to demonstrate deprivation of any "liberty" protected by the Fourteenth Amendment. Bagby's claim, fairly stated, is that when the allegations concerning conduct were made a part of the public record as required by § 803 of the Civil Service Act, her personal and professional reputation was injured and that she should have been granted a hearing in order to refute the validity of the charges.

In *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the Court stated that Patrolman Bishop's liberty interests were not implicated by his termination because the reasons given for discontinuing him, although potentially damaging to his professional reputation, were never made public. In *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Court stated that a person's interest in his reputation alone, apart from some more tangible interest such as employment, does not constitute protected liberty. Interpreting the Court's previous decision in *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), the Court in *Paul* stated that in addition to injuring a person's reputation the Government must deprive the person of a right previously held under state law in order for a violation of his liberty interest to be made out. In *Constantineau*, the Plaintiff was deprived of the right to purchase liquor, a right he had previously enjoyed under state law. Therefore, the combination of an injury to a reputation and governmental action limiting a person's prior rights constitutes a deprivation of protected liberty. The Supreme Court has never made explicit how serious the deprivation of a previously enjoyed right must be in order for the due process clause's protections to be invoked. Defendants cite *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (per curiam) for the proposition that termination from employment must be involved along with injury to reputation before a liberty interest is infringed. However, *Codd* merely held that a complaint alleging an injury to reputation in connection with employment termination which did not state that the charges brought against the employee were false failed to state a cause of action under 42 U.S.C. § 1983. The Court did not address itself specifically to the extent of the deprivation which must be pled to allege a violation of the liberty interest.

■ Although Bagby apparently continued in state employment after her suspension, she alleges injury to her reputation and her ability to find employment else-

where based upon the statements contained in the record. For the purposes of this motion, the Court must accept those allegations of injury as true. Bagby also suffered the deprivation of a property right in that she was suspended from her employment for ten days without pay. It is this Court's view that this is a sufficient connection of both injury to reputation and the deprivation of some interest previously held under state law to state a cause of action for the deprivation of liberty under the Fourteenth Amendment. Bagby has alleged in her complaint that the charges levied against her were false so that the requirements of *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (per curiam) are satisfied. Therefore, the Court rejects Defendants' contention that Bagby has not stated facts sufficient to demonstrate a deprivation of liberty under the Fourteenth Amendment.

▆▆▆ An inquiry into the sufficiency of a cause of action based upon due process is necessarily bifurcated, however. Even if a Plaintiff has alleged facts sufficient to show deprivation of a property or liberty interest, if she was afforded all the process which the Constitution requires, then she has not stated a cause of action. *See DiLuigi v. Mier*, 430 F.Supp. 1098, 1101 (M.D. Pa.1977). The Constitution, rather than state law, defines what process is due once a deprivation of property or liberty has been demonstrated. *See Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Bagby received a notice that she would be suspended along with a statement of the reasons for the action taken. She was notified that she had a right of appeal under certain sections of the Civil Service Act. Defendants address only the question of the sufficiency of the appeals procedure and do not raise the issue of whether the failure to afford Bagby a pre-suspension hearing violated her right to due process. The Court would point out, without now deciding, that in certain situations a pre-suspension hearing, or at least an opportunity to confer with the suspending official, might be required. *See e. g., Thurston v. Dekle*, 531 F.2d 1264, 1273 (5th Cir. 1976);

*Muscare v. Quinn*, 520 F.2d 1212 (7th Cir. 1975). Even were Plaintiff to concede that an emergency situation requiring immediate suspension pending investigation existed in this case, in order to minimize the risk of improper action some process other than that afforded to Bagby may have been due.

Bagby's primary challenge, and the subject of Defendants' motion, is that the procedures provided by the Civil Service Act are not adequate to satisfy due process. Under the Act, there are two ways in which a person in the Civil Service may request a hearing. Any regular employee in the Civil Service may request a hearing if he has been permanently separated, suspended for cause, furloughed or demoted, on the ground that such action has been taken in violation of other provisions of the Civil Service Act. Any other person aggrieved by an alleged violation of § 905.1 of the Act, Act of August 27, 1963, P.L. 1257, § 25, 71 Pa.Stat.Ann. § 741.905a, may appeal to the commission for a hearing. Act of August 27, 1973, P.L. 1257, § 27, 71 Pa.Stat. Ann. §§ 741.951(a) & 951(b). § 905.1 provides that no officer or employee of the Commonwealth shall discriminate against any person in employment, retention, or any other personnel action with respect to the classified service because of political or religious affiliations, labor union affiliations, race, national origin, or other "non-merit factors." Bagby attempted to appeal her suspension to the Commission through § 951(a) and was refused a hearing on the ground that she was not a regular employee. Defendants state that had she asked for a § 951(b) hearing one would have been afforded her. They argue that the word "discriminate" in § 905.1 does not carry its usual connotation but provides a basis for any probationary employee to request an appeal to the Civil Service Commission. Because that is the Commission's interpretation of the word, Defendants argue, it must be accepted by the Court.

▆▆▆ The Court is not convinced that the plain meaning of the Civil Service Act is to provide a hearing to any probationary

employee who is suspended for factors which do not normally constitute "discrimination." Bagby states in her brief that she did not appeal under § 951(b) because she did not believe that she had been treated differently from other persons similarly situated. Defendants' argument that if the charges levied against Bagby were untrue, then her suspension was necessarily for "non-merit factors," is not convincing. The reasons for Bagby's suspension clearly were related to her performance of her duties as a licensed practical nurse at South Mountain. She wished to appeal her suspension for what she considered to be merit factors under § 951(a). Pennsylvania courts have held that a probationary employee is entitled to challenge his dismissal by substantiating a claim of discrimination. "If the complainant cannot sustain his allegations of discrimination, then his dismissal must stand *without any right of the appeal as to the validity of the determination of unsatisfactory work performance.*" *Hunter v. Jones,* 417 Pa. 372, 379, 207 A.2d 784, 788–89 (1965) (emphasis added). *See also Cunningham v. Pennsylvania State Civil Service Commission,* 17 Pa.Cmwlth. 375, 332 A.2d 839 (1975). A reasonable lay person, upon reading the statutory provisions, could easily conclude that an appeal of a suspension based upon performance of job-related duties could not be had under § 951(b) and that the only recourse was to seek appeal of the suspension under § 951(a). Due process necessarily includes a reasonable opportunity to be heard, including a statutory scheme which is intelligible to persons affected by it. *See, e. g., Nitzberg v. Parks,* 525 F.2d 378 (4th Cir. 1975) (Mr. Justice Clark, retired, sitting as Circuit Judge). Without such intelligibility, a person such as Bagby would be unable to ascertain that she had an opportunity for a hearing under any particular section. Therefore, because no pre-suspension opportunity to contest the charges was afforded Bagby, and because it is not clear to the Court that the statutory scheme provided a reasonable opportunity for her to be heard on the validity of the charges levied against her, the Court decides that she has stated a cause of action

sufficient to withstand Defendants' motion to dismiss on the ground that she was afforded all the process due her. The Court does not decide, at this point, what procedures were necessarily due to a person in Bagby's situation.

Because the Court has concluded that Bagby's complaint states a cause of action under 42 U.S.C. § 1983, it is inadvisable at this time to consider the merits of Defendants' contentions concerning the remedies which Bagby has sought. There is no guarantee that should the merits of Bagby's claim be reached she would prevail, nor has this Court any means of ascertaining whether the Defendants would be liable in any capacity, their official capacities only, or their individual capacities as well. Therefore, any discussion of appropriate monetary remedies would be premature until the merits of Bagby's claim are reached.

For the foregoing reasons, an appropriate order will be entered denying Defendants' motion to dismiss.