Charles E. VINSON, et al.

v.

Robert H. FREEMAN, et al.

Civ. A. No. 81–643.

United States District Court,
E. D. Pennsylvania.

Oct. 1, 1981.

**64**

Beverly J. Lucas, Terry L. Fromson, Louis S. Rulli, R. Michael Owens, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs.

Mark N. Cohen, John O. J. Shellenberger, III, Deputy Attys. Gen., Eastern Regional Director, Philadelphia, Pa., LeRoy S. Zimmerman, Atty. Gen., Harrisburg, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Pursuant to 42 U.S.C. § 1983, plaintiffs Charles Vinson and William Hall instituted this suit against the Pennsylvania Department of Public Welfare and certain Department officials, alleging

> the denial of plaintiffs' federal constitutional and statutory rights to substantive and procedural due process and to equal protection resulting from defendants' official policy and procedure of discharging employees of the Department of Public Welfare, Commonwealth of Pennsylvania solely because of a prior criminal record without regard to actual job performance.

1. The suit invokes 42 U.S.C. § 1983 and the Fourteenth Amendment in its claim for jurisdiction under 28 U.S.C. §§ 1343(3), (4) (civil rights) and 1331(a) (federal question). Pendent

Complaint ¶ 1.[1] Both named plaintiffs complain of their removal from their positions as Income Maintenance Worker (IMW) trainee, probationary status. Such removal is governed by 71 P.S. § 741.603(a):

> At any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service.

With respect to the merits, defendants have moved to dismiss on the ground that termination of a probationary position does not deprive one of a property interest of constitutional dimension. But defendants also argue that the merits need not and indeed should not be examined, for the asserted reasons that plaintiff Hall's claim has been mooted by a successful appeal to the Pennsylvania Civil Service Commission and that plaintiff Vinson's claim is premature in that his appeal is pending before the Civil Service Commission.

*Hall's Claim* :

Plaintiff Hall appealed to the Civil Service Commission before filing this law suit. A hearing was held on Hall's appeal on January 8, 1981. On April 21, 1981—after this suit was initiated—the Commission handed down its decision sustaining Hall's appeal. The full text of the Commission's Adjudication is as follows:

> This is an appeal by William E. Hall, Jr. from his removal as Income Maintenance Worker Trainee, probationary status, by the Philadelphia County Board of Assistance, Department of Public Welfare. The hearing was held Thursday, January 8, 1981, in the State Office Building, Philadelphia, Pennsylvania, before Chairman John A. H. McCarthy.

### FINDINGS OF FACT

1. Appellant was removed from his position of Income Maintenance Work-

state claims (1) under the Pennsylvania Constitution, Art. I § 1, and (2) of wrongful discharge are included in the complaint.

er I, probationary status, and was returned to the position of Income Maintenance Worker Trainee, probationary status, and then removed from that position by letter dated September 29, 1980.

2. Appellant was removed due to his conviction in 1970, for robbery, larceny and receiving stolen goods.

3. Appellant by answer to Preliminary Inquiry Relating to Appeal and Request for Hearing states his appeal was under Sections 951(a) and (b) of the Civil Service Act.

4. Appellant was hired as an Income Maintenance Worker Trainee on April 4, 1980.

5. Appellant was promoted to Income Maintenance Worker I on September 19, 1980.

6. Appellant's work performance was entirely satisfactory.

7. Appellant had previously been employed by the County Board of Assistance in 1974 as a Clerk Typist II and a Personnel Assistant I.

The application of the State Civil Service Commission clearly states that prior conviction is not a bar to employment.

This provision, which is long standing and is in conformity with decisions of the Supreme Court of Pennsylvania and the Federal Courts, has resulted in the hiring of numerous former convicts. The relevancy of the offense to the position, the length of time since the offense and other matters are regularly considered by the State Civil Service Commission through requests by the appointing authority to remove the name of an individual from the list. An appellant is then given an opportunity to respond and may appeal a removal from the list of the Commission to the courts.

It should be noted that incidences [sic] of subsequent offenses or recidivism have not been observed during a period of over 15 years.

It is clear that appellant was employed by the Board in April, 1980, at which time the issue of his suitability was not raised, he had served acceptably and had been promoted. Appellant has had a previous record of employment by the County Board from 1974–76. His record bespeaks his successful rehabilitation action.

Counsel for the appointing authority argues that appellant has not shown discrimination. The presiding officer found that appellant presented a prima facie case in which ruling we concur. Appellant clearly was not treated in the same manner as other employes in similar circumstances. As previously noted, the appointing authority had available a means of requesting appellant's removal prior to employment and presenting their arguments as to the risk involved in employing certain types of offenders in given positions. The Commission has, for example, removed former inmates' names from employment as security guards in prisons.

Appellant was summarily removed on the sole grounds of his previous 1970 conviction. The Commission agrees that there have been serious losses occasioned by fraud and that the image of Commonwealth employes should be above reproach. This should not, however, present a bar to the continued employment of persons who have honestly demonstrated their capability.

Therefore, we enter as

## CONCLUSIONS OF LAW

1. Appellant was improperly removed under Section 804 of the Civil Service Act, as amended.

2. The Appointing authority violated Section 905.1 of the Civil Service Act as amended by discriminating against appellant.

## ORDER

AND NOW, April 21, 1981, the State Civil Service Commission, by agreement of the Commission, sustains the appeal of William E. Hall, Jr., from his removal from Income Maintenance Worker Trainee, probationary status, and overrules the

action of the Philadelphia County Board of Assistance, Department of Public Welfare in the removal of William E. Hall, Jr., from his position as Income Maintenance Worker Trainee, probationary status, and orders the return to duty of appellant as Income Maintenance Worker Trainee, probationary status, within five (5) days following receipt of a copy of this Adjudication and Order with reimbursement of wages and emoluments since September 30, 1980, less any wages earned and benefits received under the Public Laws of Pennsylvania as established by a sworn statement to be submitted by appellant.

Notwithstanding that he has been ordered reinstated with back pay, Hall argues that the remedy provided is not adequate:

1. Hall, noting that in this court he seeks punitive damages, and damages compensating him for injury to health and reputation, contends that the order of the Commission is insufficient because it is not remedially coextensive with the relief which could and should be awarded by a federal court in a suit under 42 U.S.C. § 1983. A similar contention was rejected in *Parratt v. Taylor*, —— U.S. ——, ——, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981):

> It is argued that the state does not adequately protect the respondent's interest because ... it contains no provisions for punitive damages.... Although the state remedies may not provide the respondent with all the relief which would have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process.

2. Hall also argues that a post-termination hearing of the sort afforded by the Commission is constitutionally deficient. If, as Hall contends, his probationary employment status is an interest of constitutional magnitude,[2] Hall may well be right in his further contention that a hearing on termination must precede termination if it is to satisfy due process norms. *Cf. Parratt v. Taylor, supra*, 100 S.Ct. at 1914–16, the concurring opinion of Blackmun, J., *id.* at 1918, and the concurring-and-dissenting opinion of Marshall, J., *id.* at 1923. Nevertheless, here the post-termination process has been invoked and—in Hall's case—has been carried through to a favorable conclusion. Since, as I have determined in the preceding paragraph, the relief afforded is sufficient to redress any constitutional deprivation, I cannot conclude that the failure to award the sufficient relief at an earlier time constitutes a separately cognizable constitutional deprivation.

3. Hall also contends that the Commission's order affords no certain protection against the hazard of a renewed effort to discharge Hall sometime in the future. I conclude that the clear utterance of the Commission, setting out so forcefully the enlightened public policy of the Commonwealth, reduces that hazard to scintilla-size.

Wherefore, in an Order accompanying this Memorandum, I have dismissed Hall's claim as moot.

*Vinson's Claim*

Vinson has also appealed to the Commission. His case was heard on June 4 and is awaiting decision. If the decision in Vinson's case accords with the decision in Hall's case, Vinson's claim in this court will also be dismissed as moot.

Wherefore, in an accompanying Order, I have directed that Vinson's claim be placed on the suspense docket pending the decision of the Commission. If the Commission's disposition of Vinson's case does not follow Hall's, Vinson's case can be restored to the active docket on Vinson's motion.

---

2. With *Grausam v. Murphey*, 448 F.2d 197 (3d Cir. 1971), *cert. denied*, 405 U.S. 981, 92 S.Ct. 1207, 31 L.Ed.2d 257 and *Bagby v. Beal*, 439 F.Supp. 1257 (M.D.Pa.1977), compare *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), and *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). And see *L. Tribe, American Constitutional Law*, 517–518 (1978).