436 A.2d 1383

**Lawrence F. CLARK, Jr., Appellant,**

**v.**

**PENNSYLVANIA STATE POLICE, Commissioner Daniel F. Dunn, Appellees.**

Supreme Court of Pennsylvania.

Argued May 20, 1981.

Decided Nov. 6, 1981.

Paul J. Esposito, Harrisburg, for appellant.

Francis X. O'Brien, Jr., Asst. Counsel, Harrisburg, for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

NIX, Justice.

The instant appeal arises from an alleged breach of an agreement on the part of the State Police to honor a promise to promote appellant to the position of Captain.

The uncontested pertinent facts are that Corporal Clark alleges that he secured an agreement from former Pennsylvania State Police Commissioner Urella that he would be promoted to the rank of Captain from that of Corporal upon his completion of legal training that appellant desired to pursue. In 1971, Clark received authorization, upon his request, to attend law school full time for three years in an extended out-service training program. He matriculated into law school and while there continued to receive full pay and benefits from the Commonwealth. Following graduation and admission to the Bar of this Court, appellant returned to active duty with the Pennsylvania State Police. In response to Corporal Clark's demand for a promotion in accordance with the asserted agreement, the new commissioner, Commissioner Chylak, stated that the request for promotion was denied.

Appellant instituted suit in the Commonwealth Court seeking specific performance of the agreement breached by the department in refusing him the appointment. That court dismissed the complaint without prejudice to Clark's right to bring the matter before the Board of Arbitration of Claims [Board] stating that it lacked jurisdiction. Appellant appealed to this Court asserting that the Commonwealth Court had jurisdiction and that the order entered dismissing the complaint was erroneous.

 The question raised in this appeal is whether appellant stated a claim on which the Commonwealth Court could grant relief. Corporal Clark claims a remedy for breach of contract because he was not promoted to Captain. He contends that he is entitled to specific performance of the contract. However, appellant has never alleged or shown that monetary damages are an inadequate remedy. Not only has appellant failed to demonstrate that there is no adequate remedy at law, but also the record does not disclose any fact which would support this allegation. A decree of specific performance is a matter of grace and not of right. *Mrahunec v. Fausti*, 385 Pa. 64, 121 A.2d 878 (1956). Specific performance should only be granted where the facts clearly establish the plaintiff's right thereto, where no adequate remedy at law exists, and where justice requires it. *Roth v. Hartl*, 365 Pa. 428, 75 A.2d 583 (1970); *Hilton v. State Employment Retirement Board*, 23 Pa. Cmwlth. 639, 353 A.2d 883 (1976).

 An action for damages is an inadequate remedy when there is no method by·which the amount of damages can be accurately computed or ascertained. *Strank v. Mercy Hospital of Johnstown*, 383 Pa. 54, 117 A.2d 697 (1955); *H. Daroff & Sons, Inc. v. Vitullo*, 350 Pa. 501, 39 A.2d 595 (1944). In the instant case damages could be computed with a degree of certainty by deducting the amount appellant was making as Corporal from the amount he would make as Captain.

 Moreover, a court of equity will not invoke its jurisdiction where there is an adequate remedy at law and statutory remedies, if adequate, must be exhausted before equitable jurisdiction may be resorted to. *See, DeLuca v. Buckeye Coal Co.*, 463 Pa. 513, 345 A.2d 637 (1975); *Pennsylvania Life Insurance Co. v. Pennsylvania National Life Insurance Co.*, 417 Pa. 168, 208 A.2d 780 (1965). *See also, Delaware Valley Convalescent Center, Inc. v. Beal*, 488 Pa. 292, 412 A.2d 514 (1980).

 Since appellant has not shown that monetary damages are inadequate nor is it apparent from the record, the

question of whether the Commonwealth Court should have subject matter jurisdiction so that equitable relief can be granted should not be addressed here.

The Board of Arbitration of Claims can award monetary damages for breach of contract. The legislature has provided in accordance with its power under Art. 1, Sec. 11 of the Pennsylvania Constitution, that all claims against the Commonwealth arising from contracts shall be heard by the Board of Arbitration of Claims. This Board has exclusive jurisdiction of contract claims pursuant to the Act of May 20, 1937.[1] The Act created a special forum, specified the nature of claims to be considered [claims of or over three hundred (300) dollars] and limited the remedy to monetary damages. *Vespaziani v. Dept. of Revenue*, 40 Pa.Cmwlth. 54, 396 A.2d 489 (1979); *Brocker Mfg. & Supply Co., Inc. v. United Bonding & Insurance Company*, 8 Pa.Cmwlth. 110, 301 A.2d 438 (1973).

With the passage of the Commonwealth Court Act,[2] and the creation of that court's jurisdiction, the legislature carefully provided that the jurisdiction of the newly created court would not repeal, modify or supplant the jurisdiction of the Board.[3] When the ban imposed by the common law doctrine of sovereign immunity was abrogated, to clarify the Commonwealth Court's power to intervene in these matters with equitable relief, the legislature modified Section 4651 (72 P.S. § 4651–4) by inserting the word "exclusive" to emphasize that only the Board should hear these matters.

1. Act of May 20, 1937, P.L. 728, No. 193, § 4, 72 P.S. 4651–4 as amended October 5, 1978, P.L. 1104, No. 260, § 3, 72 P.S. 4651–4.

2. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, as amended, formerly 17 P.S. § 211.401(a)(1), repealed by Section 2(a) of the Judiciary Repealer Act (JARA), Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a), now found in 42 Pa.C.S.A. § 761(a).

3. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, as amended, formerly 17 P.S. § 211.509(e)(2) repealed by Section 2(a) of the Judiciary Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. § 20002(a), now found in 42 P.S. § 20002(h)(2).

Since appellant has a contract claim against the Commonwealth for in excess of Three Hundred ($300.00) Dollars, the Board of Arbitration of Claims is the proper forum to hear the case.

The Order of the Commonwealth Court is affirmed.

O'BRIEN, C. J., and WILKINSON, J., did not participate in the consideration or decision in this case.