Bradford County Citizens in Action et al. *v.* Board of Commissioners of Bradford County et al.

Bradford County Citizens in Action, Appellant.

Argued December 17, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*David L. Kurtz,* for appellant.

*Robert L. Knupp, Knupp and Andrews, P.C.,* for appellees.

OPINION BY JUDGE MACPHAIL, February 1, 1982:

Once again this Court is confronted with an appeal where the procedural posture of the case presents a real question of whether we can or should address the merits.

Appellants[1] filed a complaint in equity on September 15, 1978 charging that the Bradford County Board of Assessment Appeals (Board) was illegally constituted by the Bradford County Commissioners (Commissioners) and that the Board's actions with respect to assessment appeals, therefore, should be declared

---

[1] Bradford County Citizens in Action and Frank Bonin.

null and void. The specific and *only* basis set forth in the complaint to support the charge of illegality is the allegation that all three members of the Board were Republicans whereas Section 301 of The Fourth to Eighth Class County Assessment Law (Law)[2] states that no more than two members of the Board may be of the same political party.

The Board and Commissioners (Appellees) filed preliminary objections to the complaint in the nature of a demurrer, a motion to dismiss for mootness, a motion to strike for lack of jurisdiction and a motion to dismiss because Appellants allegedly lacked capacity to sue. In their motion to dismiss for mootness, Appellees averred in their preliminary objection that on September 19, 1978, a new Board was appointed by the Commissioners which did meet the requirements of the Law. Although the preliminary objections were verified, there was no notice to plead.

The case was listed for argument on the preliminary objections. The court of common pleas sustained the preliminary objection in the nature of a motion to dismiss for mootness. The court did not rule on the other objections. Appellants have appealed from the order dismissing their complaint.

Initially, we must note that a motion to dismiss for mootness is not one of the allowable preliminary objections under Pa. R.C.P. No. 1017(b). Since Appellees did not file an objection to the preliminary objection, that defect is deemed to be waived. *Swartz v. Masloff*, 62 Pa. Commonwealth Ct. 522, 437 A.2d 472 (1981).

When ruling on preliminary objections, the court is limited to a review of the allegations set forth in the challenged pleading. *Zurenda v. Hydeman*, 46 Pa. Commonwealth Ct. 67, 405 A.2d 1124 (1979). Nowhere in the pleading challenged here is any mention

---

[2] Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.301.

of the subsequent action of the Commissioners in appointing a new Board which complied with the provisions of the Law. Interestingly, Appellants raise no issue regarding this matter but Appellees, apparently conscious of the possibility of a problem, argue in their brief that since Appellants filed no answer to the preliminary objections, the factual allegations set forth in those objections are admitted. It is true that provision is made in Pa. R.C.P. No. 1017(a) for an answer to preliminary objections which set forth facts necessary to sustain the defense. At least one recognized authority has expressed the opinion, however, that where a preliminary objection contains averments of fact not of record, the preliminary objection becomes in effect a complaint and all of the formalities which must be observed in a complaint must likewise appear in the preliminary objection including the endorsement of notice to plead. See 2 Goodrich-Amram 2d §1028 (c):2 (1976). Thus, while there is no answer in the instant case, none was required and no facts are admitted by the Appellants' failure to file an answer.

We observe, however, that not only did Appellant fail to raise the issue just discussed but in its argument to this court states as a fact in its brief that on September 19, 1978, the Commissioners did appoint a new Board which complied with the provisions of the Law! In view of the fact that the procedural defect has not been raised or discussed and Appellants have admitted that the omitted fact is true we will exercise our authority under Pa. R.C.P. No. 126 and disregard the error. We heartily agree with Appellees and the court of common pleas that since the Board is now and has been since September 19, 1978 properly constituted, the sole issue raised by the complaint filed by the Appellants is moot.

To add to the procedural problems which we have already discussed, the court of common pleas did not

limit its discussion of the case to what we consider to be the only issue before it. Rather, that court addressed also the question of whether the action of the new Board in ordering reconsideration of all appeals heard by the old Board was timely. This question arises again from facts set forth in the preliminary objection. No issue concerning rehearings was raised by the Appellants in their complaint. While we do not believe that this issue was properly before the trial court or is properly before this court at this time, we will, nevertheless, address it in the event of a further appeal where our disposition of this case on procedural grounds may be challenged.

From the Appellants' complaint we are informed that the Appellees were in 1978 implementing a proposed county-wide reassessment. The applicable notice requirements and appeal process relative to the revised assessments, therefore, is that provided in Section 701(c) of the Law, 72 P.S. §5453.701(c). Section 701(c) was added by the Act of July 1, 1978, P.L. 714, which took effect immediately and provides, *inter alia,* that, "All appeals shall be heard and acted upon by the board by not later than the last day of October."

Appellants argue that Section 701(c) was inapplicable to the Board's action in reconsidering the assessment appeals because the notice requirements of that Section were not satisfied. Aside from a bald assertion in Appellants' brief that the requirements of Section 701(c) were not met, Appellants specifically point only to the fact that the notice regarding reconsideration sent by the Board did not set forth the date on which the *de novo* hearing would be held.[3] The notice, a copy of which was appended to Appellees' prelimi-

---

[3] Appellants also contend the notices were defective since they were sent after July 1, 1978. The Law does not require that notice of a hearing date be mailed by July 1; it requires only that notice

nary objections, did state that all appeals would be heard after October 22, 1978 and that those individuals who wished to appear at the hearings could contact the Board to schedule a mutually convenient time to appear. We conclude that under the circumstances of this case, this notice was adequate to satisfy the requirements in the Law. We further conclude that Section 701(c) which became effective on July 1, 1978 was applicable to the instant assessment appeals and that the hearings were timely. In the absence of more specific allegations of non-compliance by Appellees with the requirements of Section 701(c) we must affirm the order of the lower court.

Finally, Appellants argue, somewhat inconsistently, that if the requirements of Section 701(c) were not satisfied by the Board, then Section 702 of the Law, 72 P.S. §5453.702, would apply to prohibit hearings after October 1, 1978.[4] Since we have concluded that Appellants have failed to establish the Board's non-compliance with Section 701(c), we need not address this final argument.

Order affirmed.

be mailed "not later than the twentieth day preceding the day designated in the notice for such appearance." Section 701(c)(4) of the Law, 72 P.S. §5453.701(c)(4). Appellants concede that the notices here were sent on or about September 19, 1978 and that the relevant hearings did not begin until October 22, 1978, more than twenty days later.

[4] Section 702, at all times relevant to this litigation, provided that assessment appeals must be acted upon no later than the first day of October of a given year. Section 701(c) provides that, *notwithstanding any other provisions of the law*, where a county-wide reassessment is proposed appeals may be acted on until October 31. Where, as here, a county-wide reassessment is involved Section 701(c) provides the applicable period for Board action. (We note that Section 702 was amended by the Act of October 5, 1978, P.L. 1138, to also provide for appeals to be acted on through October 31. That amendment, however, had a 60 sixty day delayed effective date rendering it inapplicable to the instant case.)

ORDER

AND Now, this 1st day of February, 1982 the order of the Court of Common Pleas of Bradford County, dated October 24, 1980, No. 78-30 E, is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.