## Emrick v. Commonwealth

*Henry W. Mitchell,* for plaintiffs.
*Susan Forney,* for defendant.
*Stuart Davidson,* for defendant.

RAUP, *P.J.,* October 31, 1987 — Before this court are defendants', Commonwealth of Pennsylvania, Department of Transportation and Lycoming County Maintenance Office, preliminary objections to plaintiffs' complaint.

On May 22, 1987, plaintiffs filed a complaint

against the Commonwealth of Pennsylvania, Department of Transportation, the Lycoming County Maintenance Office (the commonwealth defendants), Arthur L. Fry, and the American Federation of State, County of Municipal Employees, Local no. 2124, Council no. 86 (AFSCME). Arthur L. Fry is a personnel analyst with the Department of Transportation. AFSCME is the collective bargaining unit for the employees of the commonwealth defendants.

Counts I, II and III of plaintiffs' complaint seek relief against all defendants for intentional infliction of emotional distress, wrongful discharge and fraudulent misrepresentation, and breach of contract. Count V asserts a claim against all defendants for punitive damages. Count IV is a breach of contract claim against AFSCME only.

AFSCME and defendant Fry filed answers and new matter; however, the commonwealth defendants have filed preliminary objections to the complaint. These preliminary objections are the subject of this opinion.

In considering defendants' preliminary objections, we are required to accept as true all facts well pled in the complaint and all reasonable inferences therefrom. *Pennsylvania, Department of Transportation v. Pennsylvania Power & Light Co.*, 34 Pa. Commw. 594, 596, 383 A.2d 1314, 1316 (1978). The complaint here alleges that plaintiff Carl Emrick was a transportation equipment operator trainee within the Department of Transportation. On January 23, 1986, during his probationary period, the Lycoming County Maintenance Office suspended him from his job because the Pennsylvania State Police had charged him with rape. According to the complaint, the commonwealth defendants informed the Office of Unemployment Compensation on two occasions that plaintiff was suspended indefinitely

pending the outcome of the trial on the rape charges. Defendant Fry allegedly told plaintiff that he would be reinstated with back pay if he were found innocent. On September 16, 1986, plaintiff was acquitted of the rape charges; however, the commonwealth defendants refused to reinstate him.

The commonwealth defendants object to plaintiffs' complaint on two grounds. First, defendants contend that plaintiffs' claims for intentional infliction of emotional distress, wrongful discharge and punitive damages are barred by the doctrine of sovereign immunity. Defendants argue that plaintiffs' claims do not fall within 42 Pa.C.S. §8522, which sets forth the circumstances in which the General Assembly of Pennsylvania has waived sovereign immunity. Those circumstances are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) commonwealth real estate, highway and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) national guard activities. According to the commonwealth defendants, plaintiff's claims do not fall within any of the eight cases set forth in section 8522.

The applicability of sovereign immunity to wrongful discharge claims was discussed in *Allio v. Commonwealth of Pennsylvania, Pennsylvania Department of Transportation,* no. 84-C—723, slip op. (Lehigh County, October 30, 1984). As the *Allio* court stated:

"The sovereign immunity of the commonwealth and its employees acting within the scope of their offices or employment may be waived only by specific legislation so providing (citations omitted). Legislative exceptions to sovereign immunity are stated under 42 Pa.C.S. §8522(b) . . . The action brought by the plaintiff in wrongful discharge . . .

does not fall within any of these exceptions. Accordingly, we must find that plaintiff's suit is barred by sovereign immunity." *Allio* at 3.

The *Allio* rationale was followed in *Poliskiewicz v. East Stroudsburg University,* no. 1559 Civil 1985, slip op. (Monroe County, August 11, 1986). The court there stated:

"None of the above categories, (i.e. 42 Pa.C.S. §8522(b)) can be construed to authorize suit for wrongful discharge from employment." *Poliskiewicz* at 2-3.

Plaintiffs, on the other hand, argue that their claims for wrongful discharge do fall under sovereign immunity because they are within the "care, custody and control of property under government control." Plaintiffs cite *Bagby v. Beal,* 439 F.Supp. 1257 (M.D. Pa. 1977) as support for their position. The *Bagby* court held that "a probationary employee . . . has a property interest created by state law in the continuation of his probationary employment without suspension for disciplinary reasons, albeit not without termination . . . (.)" *Bagby* at 1260. However, we fail to see how plaintiffs' claim arises out of the care, custody or control of personal property; therefore, their action for wrongful discharge must be considered barred by sovereign immunity.

Further, plaintiffs contend in their brief that Mr. Emrick was denied any chance to show that his suspension was related to his job performance, which resulted in a denial of due process. However, we may not consider this contention as we are strictly limited to review of the allegations set forth in the complaint when ruling on preliminary objections. *Bradford County Citizens in Action v. Board of Commissioners of Bradford County,* 64 Pa. Commw. 349, 439 A.2d 1346 (1982). As there is no allegation in the

complaint that plaintiffs were denied due process, we may not consider that argument now.

For the foregoing reasons, the commonwealth defendants' preliminary objections to counts I, II and V of plaintiff's complaint will be granted.

The commonwealth defendants further object to the complaint on the ground that this court lacks subject-matter jurisdiction over the breach of employment contract claim set forth in count III. Count III alleges that the commonwealth defendants breached the contract by fraudulently misrepresenting to Carl Emrick that he would be reinstated upon acquittal of rape charges, and requests in excess of $10,000 damages.

Defendants rely on *Clark v. Pennsylvania State Police,* 496 Pa. 310, 436 A.2d 1383 (1981). In that case, the state Supreme Court held that the Board of Arbitration of Claims has subject-matter jurisdiction over contract claims against the commonwealth in excess of $300. *Clark* at 314, 436 A.2d at 1385. *Clark* involved a state police officer who allegedly was to be promoted upon completion of law school. When he was refused the promotion, the officer sued the Pennsylvania State Police for breach of employment contract and requested more than $300 damages. The facts in *Clark* are very simliar to the facts in this case. Therefore, we are compelled to hold that we have no subject-matter jurisdiction over plaintiffs' claim for breach of employment contract.

Plaintiff argues that because his civil rights were violated, this court does have subject-matter jurisdiction over the contract claim. However, there is again no allegation in the complaint of a civil rights violation. Therefore, the commonwealth's preliminary objections to this court's lack of subject-matter jurisdiction will be granted.

## ORDER

And now, October 31, 1987, for the reasons set forth in the foregoing opinion, it is hereby ordered and directed that the commonwealth defendants' preliminary objections be granted, and counts I, II, III and V of the complaint are dismissed.